PEOPLE, PLAINTIFF AND APPELLEE, *v.* MÉNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Assault and Battery.

No. 1871.—Decided February 25, 1922.

ASSAULT AND BATTERY—EVIDENCE.—In a prosecution for assault and battery the admission of evidence regarding the physical condition of the prosecuting witness at the time of the trial in connection with the injuries received is not prejudicial error.

ID.—ID.—The admission of evidence regarding facts alleged in the complaint and not objected to by the defendant can not be considered prejudicial error.

ID.—ID.—NONSUIT—DISCRETION OF COURT.—Courts have discretional power to reopen a case and allow the plaintiff to introduce evidence after a motion for nonsuit has been made.

The facts are stated in the opinion.

*Mr. J. B. García Méndez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Eduardo Méndez was convicted in the District Court of Aguadilla of a simple assault and battery.

There are various assignments of error. After discussing the first two assignments of error the appellant very properly says that they did not go to the substance of the case, and we think they were thoroughly harmless even if erroneous. One of these alleged errors was that the court

permitted the prosecuting witness to say that he was still suffering from the bruise. Given the severe and unwarranted nature of the battery, it could not harm the appellant that the boy was allowed to state that he was still suffering.

It was similarly harmless error, if any, to allow the witness to say that he saw the blows inflicted on the prosecuting witness after the accident. While the matter of aggravation did not depend upon the nature of the injuries, yet the complaint set them up without objection, and likewise a doctor was allowed to testify to these injuries also without objection. We think with regard to this witness there was neither error nor prejudice.

The *fiscal* inadvertently finished his case without proving the time and place of the crime and elements of aggravation, and the appellant made a motion for a nonsuit. The *fiscal* thereupon made an application to call a certain person who he said was the real prosecuting witness. The court overruled the motion for a nonsuit and permitted the proposed witness to testify. This situation is exactly covered by our decision in the case of *People* v. *Hernández, ante,* page 20, as follows:

"But in any event, any doubt that may have existed with regard to the jurisdiction of the court was dispelled by the explanation given by witness Azpurúa after the motion for nonsuit was made. And the court did not err in allowing Azpurúa to testify after the motion for nonsuit had been made, for it had discretional power to do so. *People* v. *Julián,* 18 P. R. R. 905; 16 C. J. 870 *et seq."*

This disposes of the third and fourth assignments of error.

The fifth assignment of error is likewise unavailing to the appellant. A witness was sworn in the morning and still allowed to testify in the afternoon of the same day. Having been sworn to testify the truth in the case in the

morning, there was no necessity of swearing him again in the afternoon.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.